IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 1:88-CR-234 |
| | ) | |
| JOHN YOUNG-BEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i).

On March 4, 1983, Defendant John Young-Bey ("Defendant") was sentenced to an aggregate of 44 years to life incarceration for first degree murder in the District of Columbia. In a separate District of Columbia case on December 16, 1983, Defendant was sentenced to an aggregate of 10 to 30 years of incarceration for two counts of armed robbery and assault with intent to commit robbery while armed. The sentences in these cases ran concurrently, which meant Defendant received a total sentence of 54 years to life incarceration. On November 15, 2021, Defendant filed a Motion for Compassionate Release in the first case, and on December 15, 2021, filed a Motion for

1

Compassionate Release in the second one. For both motions, he argued that a reduction in his sentence was warranted given his age, medical conditions, and susceptibility to COVID-19. On February 2, 2022, the District of Columbia Superior Court granted both motions and resentenced him to time-served.

Aside from the District of Columbia cases, on January 27, 1989, Defendant was sentenced in the instant Eastern District of Virginia case to 105 months incarceration for assault with a shank with intent to do bodily harm, assault on a correctional officer, and possession of a shank capable of causing death or serious bodily injury to a prisoner. On December 4, 1990, the sentence was reduced to 84 months incarceration, to run consecutively with his previous District of Columbia sentences.

On February 16, 2022, Defendant submitted a request for compassionate release to the warden of Federal Correctional Institute ("FCI") Petersburg in relation to his Eastern District of Virginia sentence. Like his previous compassionate release motions, he argued a reduced sentence was justified in light of his age, medical conditions, and susceptibility to COVID-19. Having received no response from the warden within 30 days, on May 21, 2022, Defendant filed before this Court the instant Motion for Compassionate Release on the same grounds raised in his request. On June 17, 2022, the United States filed an opposition to Defendant's motion, to which Defendant replied on

2

June 29, 2022. Defendant also provided supplemental briefing for his motion on September 21 and 25, 2022.

Having been fully briefed, the Court is prepared to rule on Defendant's motion. The Court finds that Defendant has not provided an extraordinary or compelling reason for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), and finds that a reduction in his Eastern District of Virginia sentence would be inconsistent with the statutory sentencing factors outlined in 18 U.S.C. § 3553(a). Therefore, his Motion for Compassionate Release should be denied.

The parties do not contest that Defendant's filing of his Motion was procedurally adequate under § 3582(c)(1)(A). Therefore, the Court proceeds to analyze the merits of Defendant's Motion.

Under § 3582(c)(1)(A), courts are authorized to reduce sentences upon a motion for compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction[.]" While the statute does not define what constitutes an extraordinary and compelling reason, the Sentencing Commission has offered guidance via a policy statement. See United States v. McCoy, 981 F.3d 271, 276. The policy statement refers to the defendant's medical condition, age, and family circumstances as possible factors in support of an extraordinary and compelling reason for a reduction. See U.S.S.G. § 1B1.13.

3

While the policy statement is not binding with respect to motions brought forth by defendants, it is still helpful for courts to consult when they make their own independent determinations as to whether an extraordinary or compelling reason exists. See id. at 282, 284. Even if a court finds there is an extraordinary and compelling reason for a reduction, it is required under 18 U.S.C. § 3582(c)(1)(a) to also consider the sentencing factors outlined in § 3553(a) before granting such a reduction. Because the relevant statute is silent on the matter, Defendants bear the burden of proving they are entitled to compassionate release. See Schaffer ex rel. Schaffer v. Weast, 546 U.S. 49, 57–58 (2005) ("Absent some reason to believe that Congress intended otherwise, therefore, we will conclude that the burden of persuasion lies where it usually falls, upon the party seeking relief.").

Defendant argues that his age and medical conditions constitute extraordinary and compelling reasons for release. He is 70 years old and suffers from stage III chronic kidney disease, hypertension, hyperlipidemia, obesity, diabetes, iron deficiency anemia, and cataracts. While these conditions place him at an increased risk for overall morbidity, mortality, and impaired function, there is no clear indication that he has not received sufficient medical care, testing, and treatment at his facility. Therefore, the Court finds that Defendant's medical

conditions by themselves do not constitute an extraordinary or compelling reason for reducing his sentence.

Relatedly, Defendant claims his medical conditions coupled with the existence of COVID-19 present a serious threat to his health. When defendants have cited COVID-19 as a factor in support of compassionate release, courts have required them to demonstrate both a particularized susceptibility to the disease and a particularized risk of contracting the disease in their prison facility. See United States v. Reams, 847 F. App'x 199, 199 (4th Cir. 2021).

The Court finds that Defendant has not shown he is particularly susceptible to suffering severe illness from COVID-19 in the event he were to contract it. The parties do not dispute that Defendant has certain conditions that place him at greater risk of severe illness from COVID-19. However, Defendant has also been fully vaccinated against COVID-19, and multiple circuits have cited access to vaccines as an important mitigating factor when evaluating compassionate release motions. See, e.g., United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021). Moreover, Defendant has not demonstrated that the Bureau of Prisons ("BOP") is unable to provide him adequate medical care to manage his medical needs. Considering Defendant's

5

vaccination status and medical care, this Court finds him not to be particularly susceptible to severe illness from COVID-19.

The Court also finds that Defendant does not face a particularized risk of contracting COVID-19 in his prison. To demonstrate a particularized risk of contracting COVID-19, defendants should offer evidence of actual outbreaks in their prison facilities. There is only one active case of COVID-19 among inmates at FCI Petersburg Medium, there are zero active cases among prison staff members, and over 99% of prisoners to have contracted COVID-19 at the facility have fully recovered. *See COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/ (last visited October 11, 2022). The small amount of active cases at Defendant's prison facility suggests he is not at a heightened risk of contracting COVID-19. Moreover, BOP has instituted extensive measures to limit the spread of COVID-19 in FCI Petersburg Medium, including restricting prisoner movements, screening and testing prisoners, providing masks, isolating sick inmates, and fully vaccinating 2,453 inmates and 475 staff members. Therefore, the Court finds that Defendant does not face a particularized risk of contracting COVID-19 in his facility.

Because Defendant has neither demonstrated a particularized susceptibility to or risk of contracting COVID-19, this Court finds that COVID-19 does not present an extraordinary or

6

compelling reason for granting his compassionate release request.

Further, the mandatory sentencing factors under 18 U.S.C. § 3553(a) weigh against granting Defendant's request for compassionate release. Such factors include: 1) "the nature and circumstances of the underlying offense and the history and characteristics of the defendant"; 2) the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; 3) the need for the sentence to "afford adequate deterrence to criminal conduct"; 4) the need for the sentence to "protect the public from further crimes of the defendant"; 5) "the kinds of sentences available"; and 6) "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct[.]" §§ 3553(a)(1),(2),(3)&(6).

The seriousness of Defendant's crimes as well as his criminal history weigh against release. Defendant was convicted of multiple crimes of violence including assault with a shank with intent to do bodily harm and assault on a correctional officer. Moreover, his conviction came after he had already served six years in prison for murder, armed robbery, and assault with a dangerous weapon, which suggests he is at high risk of recidivism.

7

Releasing Defendant at this juncture in his sentence would also fail to promote respect for the rule of law. He has only served a little over 5.5% of his 84-month sentence, which is well under half his sentence. Therefore, releasing him now would not allow for just punishment or adequate deterrence of his conduct. His substantially early release would also likely result in an unwarranted sentencing disparity between him and other similarly situated defendants.

Defendant's rehabilitation efforts are outweighed by the circumstances described above. The current law makes clear that "[r]ehabilitation of the defendant *alone* shall not be considered an extraordinary and compelling reason" for release. 28 U.S.C. § 994(t) (emphasis added). That is especially the case where a defendant has served little time for a serious conviction.

Thus, Defendant has not met the burden of demonstrating any extraordinary and compelling reasons to justify a reduction of his sentence to time served. This Court finds that Defendant's Motion for Compassionate for Release should be DENIED. An appropriate order shall issue.

*[signature: Claude M. Hilton]*
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
October 24, 2022

8